**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
KADEN BYRON (SBN 333158)
*kbyron@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL E. SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiffs***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDALL NGUYEN, CARLYNN WILLIAMS and UNIQUE LITTLE, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BEIERSDORF INC.,<br><br>Defendant. | Case No: '26CV3783 AGS GC<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs KENDALL NGUYEN, CARLYNN WILLIAMS and UNIQUE LITTLE, on behalf of themselves, all others similarly situated, and the general public, by and through their undersigned counsel, bring this action against Defendant BEIERSDORF INC. ("Beiersdorf") and allege the following upon their own knowledge, or where they lack personal knowledge, upon information and belief, including the investigation of their counsel.

## INTRODUCTION

1. Beiersdorf manufactures, markets, distributes, and sells Eucerin-branded eczema relief cream products, including a product line labeled "Eucerin Baby" eczema relief cream, marketed as suitable for use by infants and babies (the "Baby Product") and a product line labeled "Eucerin" eczema relief cream, marketed for general use (the "Adult Product").

2. Through its labeling, packaging, and marketing, Beiersdorf represents that the Baby Product is specially formulated and uniquely appropriate for use on infants, and therefore materially different from—and a more suitable choice for infants than—the Adult Product.

3. Those representations are false and misleading. The Baby Product and Adult Product are materially identical in all relevant respects, including package size, active ingredient, active ingredient concentration, inactive ingredients, overall formulation, and directions for use. The *only* difference is the addition of "Baby" representations and related vignettes on the Baby Product's label. Accordingly, the "Baby" designation falsely conveys that the Baby Product possesses characteristics or qualities that distinguish it from the Adult Product when, in fact, no such material distinctions exist. As a result of this false distinction, consumers pay a significant price premium for the Baby Product.

4. Plaintiffs bring this action on behalf of themselves and all others similarly situated to enjoin Beiersdorf's deceptive marketing of the Baby Product, and to recover compensation to address the damages consumers paid as a result of it.

## JURISDICTION & VENUE

5. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) because the matter in controversy exceeds the sum or value

of $5,000,000, exclusive of interest and costs, the proposed Class consists of more than 100 members, and at least one member of the proposed Class is a citizen of a State different from Defendant. In addition, fewer than two-thirds of the members of the proposed Class are citizens of this State, and Defendant is not a citizen of this State.

6. The Court has personal jurisdiction over Beiersdorf because it has purposefully availed itself of the benefits and privileges of conducting business activities within California, including by marketing, distributing, and selling the Baby Product in California and within this District.

7. Venue is proper in this Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c), because Beiersdorf resides in (*i.e.*, is subject to personal jurisdiction in) this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. Plaintiff Kendall Nguyen is a California citizen over 18 years of age who resides in San Diego County, California.

9. Plaintiff Carlynn Williams is a California citizen over 18 years of age who resides in Los Angeles County, California.

10. Plaintiff Unique Little is a California citizen over 18 years of age who resides in Sacramento County, California.

11. Defendant Beiersdorf Inc. is a Delaware Corporation with its headquarters and principal place of business in Connecticut.

## FACTS

### I. BEIERSDORF FALSELY MARKETS THE BABY PRODUCTS AS MATERIALLY DIFFERENT FROM ITS ADULT PRODUCT

12. Beiersdorf markets the Baby Products as specially formulated for babies and infants through the use of the word "Baby," statements such as "Pediatrician Recommended," and imagery intended to evoke use by or for young children, including parent-and-child animal characters. Through these representations, Beiersdorf conveys to reasonable

consumers that the Baby Product is specially formulated and uniquely appropriate for use on infants, and therefore materially different from—and a more suitable choice for infants than—the Adult Product. The deception does not arise merely because the Baby Product is marketed as *suitable* for infants. Rather, it arises because Beiersdorf markets a materially identical product as a distinct "Baby" product while conveying that it possesses baby-specific characteristics or formulation differences that justify its separate identity and higher price, and omitting that the Baby Product is identical to the Adult Product.

13. The disparate labeling of the Baby and Adult Products is depicted below.




14. Despite this disparate labeling, both Products are formulated with the exact same active ingredient, colloidal oatmeal, at the same 1.0% concentration.

15. Both Products also contain the same inactive ingredients, listed in identical order: water, glycerin, panthenol, distearyldimonium chloride, petrolatum, isopropyl palmitate, cetyl alcohol, dimethicone, *Avena sativa* (oat) kernel oil, steareth-20, benzalkonium chloride, ceramide NP, sodium chloride, and *Avena sativa* (oat) kernel extract. The identical active-ingredient strength, together with the matching inactive ingredients listed

in the same order, strongly indicates the two products are formulated identically, and materially indistinguishable for purposes of use by consumers of any age or life stage.

16. The directions for use are likewise identical: "Apply as needed."

17. There are also no differences in pH, ingredient concentrations, warnings, indications, directions, age restrictions, testing, manufacturing process, or other product characteristics that would justify Beiersdorf marketing the Baby Product as having separate, baby-specific characteristics or formulation differences.

18. In light of their identical formulations and directions for use, there is no meaningful difference between the Baby and Adult Product.

19. Beiersdorf's labeling does not identify any meaningful difference between the Baby and Adult Product. Instead, it creates the false impression of a difference through context and omission—placing the Baby Product into a separate category and emphasizing its suitability for a baby's delicate skin, while failing to disclose that the Adult Product shares the same ingredients, characteristics, and uses.

20. Indeed, in fine print, on the back of the label, Beiersdorf contradicts the front-label "Baby" marketing, stating the Baby Product is the "Same trusted formula as Eucerin Eczema Relief Cream." Beiersdorf nevertheless charges a substantial premium by surrounding the Baby Product with baby-specific marketing that communicates special baby formulation.

21. To consumers, this back-label, fine-print statement is inconspicuous, ambiguous, and insufficient to dispel the unambiguous front label. For example, the phrase "same trusted formula" does not clearly disclose that consumers can purchase a materially identical product, without "Baby" marketing, at a substantially lower price.

22. To the contrary, on its website, Beiersdorf doubles down on the "for babies" marketing, with imagery of a father holding an infant, and links to "related articles" discussing "Baby Skin" and "Baby Eczema – Symptoms, Causes, and Helpful Tips." The website also has a separate "Products" line for "Baby Skin Care" in which users can find the

Baby Product and retailers that sell it through a "Buy Now" function, as shown in the screenshot images of Beiersdorf's website below.







23. Beiersdorf could have truthfully marketed the Baby Product as an eczema cream appropriate for infant use without implying it differs materially from Beiersdorf's standard

eczema creams, including the Adult Product. Instead, Beiersdorf marketed a materially identical product as a separate "Baby" product, surrounding it with baby-specific branding and imagery, charged a substantial premium, and thereby conveyed that the Baby Product possesses baby-specific characteristics or formulation differences that it does not.

## II. BEIERSDORF'S "BABY" LABELING CREATES AN ARTIFICIAL PRICE PREMIUM

24. At retail, the Baby and Adult Products sell for materially different prices.

25. For example, at Walmart, the Adult Product in a 5 oz container sells for $9.78 compared to the Baby Product which, in the same 5 oz container, sells for $13.19.

26. Thus, consumers who purchase the Baby Product pay a significant price premium, as much as 35% or more, by virtue of Beiersdorf's misleading marketing. Because the Baby Product is materially identical to the Adult Product, this premium reflects the economic value of the misleading representation, rather than any difference in the products.

27. Consumers have no rational, economic reason to pay materially more for a product that Beiersdorf itself acknowledges uses the same formula absent the impression that the Baby Product possesses baby-specific characteristics warranting the premium.

## III. REASONABLE CONSUMERS UNDERSTAND THE "BABY" DESIGNATION TO SIGNAL A MATERIAL DIFFERENCE

28. Beiersdorf's marketing does more than merely suggest that the Baby Product is suitable for infants: it conveys to reasonable consumers that the Baby Product is specially formulated, and therefore uniquely appropriate for use on babies, and, by implication, that the Adult Product is not.

29. Reasonable consumers, including Plaintiffs, understand "Baby" labeling, especially on skincare products, to mean that the Baby Product is specifically formulated and intended for, and uniquely appropriate for use on infants and young children, and that other versions are less appropriate or not recommended for that purpose.

30. Parents and caregivers of infants and young children exercise heightened caution when selecting skincare products for their children and reasonably place particular weight on

representations indicating a product is specially formulated for babies. As a result, they are especially likely to rely on "Baby" labeling in deciding which product to purchase.

31. Such "Baby" representations are material because reasonable parents and caregivers consider suitability for infant use to be an important purchasing criterion. Reasonable consumers would not have paid a premium for the Baby Product had they known it was materially identical to Beiersdorf's less expensive Adult Product.

## IV. PLAINTIFFS' PURCHASE, RELIANCE, AND INJURY

32. Starting in approximately 2023, and continuing through approximately November 2025, Plaintiff Kendall Nguyen began purchasing Eucerin Baby Eczema Relief Cream from Target and Vons in San Diego, California, for her own, personal household use.

33. In approximately July 2025, Plaintiff Carlynn Williams purchased Eucerin Baby Eczema Relief Cream from Walmart in Downey, California, for her own personal, household use.

34. Beginning in 2024 and continuing through approximately April 2026, Plaintiff Unique Little purchased Eucerin Baby Eczema Relief Cream from Walmart in Sacramento, California, for her own personal, household use.

35. In deciding to purchase the Baby Product, Plaintiffs were exposed to, read, and relied on Beiersdorf's "Baby" labeling and related representations described herein. Plaintiffs understood those representations to mean that the Baby Product was specially formulated for, and uniquely appropriate for use on, infants and therefore materially different from—and a more suitable choice for infants than—the Adult Product.

36. Plaintiffs believed based on Beiersdorf's representations and omissions that the Baby Product was specially formulated and did not feel the need to investigate further. Plaintiffs did not notice the fine-print statement on the back of the container, "Same trusted formula as Eucerin Eczema Relief Cream." Even if they had, that would not have dispelled their impression that the Baby Product was specially formulated for, and uniquely appropriate for use on, infants and therefore materially different from—and a more suitable choice for infants than—the Adult Product.

37. Plaintiffs acted reasonably in relying on the challenged representations, which Beiersdorf intentionally made to induce consumers into purchasing the higher-priced Baby Product. Based on this reasonable, but mistaken, belief, Plaintiffs were willing to pay, and did pay, a premium for the Baby Product.

38. Plaintiffs would not have been willing to pay a premium for the Baby Product, and would have paid less, *i.e.*, absent Beiersdorf's deceptive practices. The Baby Product was therefore worth less than what Plaintiffs paid, and Plaintiffs lost money as a result of Beiersdorf's deceptive practices.

39. Plaintiffs wish to purchase skincare products that are genuinely specially formulated for infants and young children, when such products are available and warranted. Plaintiffs would purchase Defendant's Eucerin Baby Product in the future if it were in fact materially different from, and uniquely formulated for, infants and young children. However, absent injunctive relief, Plaintiffs may not be reasonably able to determine whether the "Baby" designation on the Baby Product truthfully reflects a material distinction from the Adult Product.

## CLASS ACTION ALLEGATIONS

40. While reserving the right to redefine or amend the class definition prior to or in connection with a motion for class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs seek to represent a class of all persons in California, who, at any time from four years prior to the filing of this Complaint through the date a class is notified (the "Class Period"), purchased the "Eucerin Baby" Eczema Relief Cream for personal or household use, and not for resale or distribution (the "Class").

41. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of the Class in a single action will provide substantial benefits to the parties and Court.

42. Questions of law and fact common to Plaintiffs and the Class include but are not limited to:

a. whether Beiersdorf's labeling, packaging, advertising, and marketing of the Baby Product was likely to deceive reasonable consumers;

b. whether Beiersdorf represented, expressly or by implication, that the Baby Product was specially formulated and uniquely appropriate for use on infants, and therefore materially different from—and a more suitable choice for infants than—the Adult Product;

c. whether those representations were material to reasonable consumers;

d. whether Beiersdorf's conduct violates California Business and Professions Code §§ 17200 *et seq*.;

e. whether Beiersdorf's conduct violates California Business and Professions Code §§ 17500 *et seq*.;

f. whether Beiersdorf's conduct violates the California Consumers Legal Remedies Act, California Civil Code §§ 1750 *et seq*.;

g. whether Beiersdorf's conduct is unfair or violates public policy;

h. the proper amount of damages, including punitive damages;

i. the proper amount of restitution; and

j. the proper scope of injunctive relief.

43. These common questions of law and fact predominate over questions that affect only individual members of the Class.

44. Plaintiffs' claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Beiersdorf's conduct. Specifically, all Class Members, including Plaintiffs, were subjected to the same misleading and deceptive conduct when they purchased the Baby Product and suffered economic injury because the Baby Product is misrepresented. Absent Beiersdorf's business practice of deceptively and unlawfully labeling the Baby Product, Plaintiffs and other Class Members would not have purchased it or would have paid less for it.

45. Plaintiffs will fairly and adequately represent and protect the interests of the Class, have no interests incompatible with the interests of the Class, and have retained counsel competent and experienced in class action litigation, and specifically in litigation involving the false and misleading advertising of consumer goods.

46. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

47. Beiersdorf has acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

48. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

### **Violations of the Unfair Competition Law**

### **Cal. Bus. & Prof. Code §§ 17200 et seq.**

49. Plaintiffs reallege and incorporate by reference the allegations set forth elsewhere in this Complaint as if fully set forth herein.

50. The Unfair Competition Law ("UCL") prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

51. Beiersdorf's acts, omissions, misrepresentations, and practices alleged herein constitute business acts and practices.

#### **Fraudulent**

52. A business act or practice is "fraudulent" under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable-consumer test. As alleged herein, Beiersdorf's "Baby" representations and related representations and omissions are likely to deceive reasonable consumers into believing that the Baby Product is specially formulated and uniquely appropriate for use on infants, and therefore materially different from—and a more suitable choice for infants than—the Adult Product.

**Unlawful**

53. The acts alleged herein are "unlawful" under the UCL because they violate, at least, the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"), and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"), as set forth in the causes of action below.

**Unfair**

54. Beiersdorf's conduct is "unfair" under the UCL because it is immoral, unethical, unscrupulous, and substantially injurious to consumers, and the utility of the conduct, if any, does not outweigh the gravity of the harm to its victims. The conduct also offends public policy as embodied in the FAL and CLRA. The consumer injury—payment of an unwarranted price premium—is substantial, is not outweighed by any countervailing benefit to consumers or competition, because consumers cannot reasonably avoid the injury where Defendant does not clearly disclose at the point of sale that consumers are paying a substantial premium for a materially identical product.

55. Beiersdorf's conduct caused and continues to cause substantial injury to Plaintiffs and the Class, who suffered injury in fact and lost money as a result of paying a price premium they would not have paid absent the deception.

* * *

56. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Beiersdorf from continuing to engage in the unlawful, unfair, and fraudulent practices alleged herein, requiring Beiersdorf to undertake a corrective advertising campaign, and providing restitution of all amounts unjustly acquired through those practices.

57. Plaintiffs' remedies at law are inadequate. Restitution under the UCL is broader than, and serves purposes distinct from, legal damages, including deterrence and the restoration of money in which Plaintiffs need not have a vested ownership interest, and the UCL's "unfair" and "unlawful" prongs sweep more broadly than any claim sounding in damages. Plaintiffs therefore lack an adequate remedy at law for the equitable relief sought under the UCL.

**SECOND CAUSE OF ACTION**

**Violations of the False Advertising Law**

**Cal. Bus. & Prof. Code §§ 17500 et seq.**

58. Plaintiffs reallege and incorporate by reference the allegations set forth elsewhere in this Complaint as if fully set forth herein.

59. The FAL makes it unlawful for any person, with intent directly or indirectly to dispose of personal property, to disseminate before the public any statement concerning that property that is untrue or misleading, and that is known, or by the exercise of reasonable care should be known, to be untrue or misleading. Cal. Bus. & Prof. Code § 17500.

60. As alleged herein, Beiersdorf's labeling, advertising, and marketing of the Baby Product were likely to deceive reasonable consumers as to whether the Baby Product was specially formulated and uniquely appropriate for use on infants, and therefore materially different from—and a more suitable choice for infants than—the Adult Product.

61. Beiersdorf knew or, in the exercise of reasonable care, should have known that these representations were untrue or misleading, because Beiersdorf formulates, labels, and markets both the Baby and Adult Product and knows they are materially identical.

62. Plaintiffs suffered injury in fact and lost money as a result of Beiersdorf's false advertising, having purchased the Baby Product and paid a price premium in reliance on the challenged representations.

63. Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiffs seek an order enjoining Beiersdorf from continuing to disseminate the false and misleading advertising alleged herein, requiring a corrective advertising campaign, and providing restitution of all amounts Beiersdorf acquired by means of its false and misleading advertising.

64. Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA, and restitution is not limited to returning to Plaintiffs and Class Members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA

are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

**THIRD CAUSE OF ACTION**

**Violations of the Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750 et seq.**

65. Plaintiffs reallege and incorporate by reference the allegations set forth elsewhere in this Complaint as if fully set forth herein.

66. The CLRA prohibits unfair or deceptive acts or practices in a transaction intended to result, or that results, in the sale of goods to a consumer.

67. The Baby Product is a "good," Plaintiffs and the Class are "consumers," and their purchases are "transactions" within the meaning of the CLRA.

68. Beiersdorf's acts and practices, as alleged herein, violated and continue to violate at least the following provisions of Cal. Civ. Code § 1770(a):

- § 1770(a)(5): representing that goods have characteristics, uses, or benefits that they do not have;
- § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;
- § 1770(a)(9): advertising goods with intent not to sell them as advertised; and
- § 1770(a)(16): representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

69. Beiersdorf's false and misleading labeling, marketing, and related omissions were designed to, and did, induce Plaintiffs and other Class Members to purchase the Baby Product for personal, family, or household use.

70. Pursuant to Cal. Civ. Code § 1782(a), more than 30 days before filing this action, Plaintiffs notified Beiersdorf in writing by certified mail, return receipt requested, of the particular violations of § 1770 alleged herein and demanded that Beiersdorf correct, repair, replace, or otherwise rectify the conduct, but Beiersdorf has failed to do so.

71. As a result of Beiersdorf's violations of the CLRA, Plaintiffs and the Class have suffered harm and seek actual damages, restitution, injunctive relief in the form of corrective advertising and an order enjoining the unlawful practices, punitive damages, and attorneys' fees and costs. *See* Cal. Civ. Code §§ 1780(a), 1782(d).

72. In compliance with Cal. Civ. Code § 1780(d), an affidavit of venue is filed concurrently herewith.

## FOURTH CAUSE OF ACTION

### Negligent Misrepresentation

73. Plaintiffs reallege and incorporate by reference the allegations set forth elsewhere in this Complaint as if fully set forth herein.

74. As alleged above, Beiersdorf represented, expressly and by implication, that the Baby Product was specially formulated and uniquely appropriate for use on infants, or otherwise materially different from the Adult Product. These representations and omissions were false because the Baby Product and Adult Product are materially identical.

75. Beiersdorf made these representations and omissions in the course of its business, including in the marketing, advertising, labeling, distribution, and sale of the Baby Product, transactions in which both Plaintiffs and Beiersdorf had a pecuniary interest.

76. Beiersdorf knew or, at a minimum, should have known that these representations and omissions were false or misleading because it formulates, manufactures, labels, markets, and sells both the Baby and Adult Product. Beiersdorf failed to exercise reasonable care in communicating these representations to consumers.

77. Beiersdorf possesses superior knowledge regarding the formulation, composition, ingredients, intended use, and material characteristics of its products. Such information is not readily available to ordinary consumers, including Plaintiffs and Class Members.

78. Beiersdorf had a duty to exercise reasonable care in supplying accurate information to consumers concerning the characteristics, qualities, and intended use of the

Baby Product because it knew consumers would rely on that information in deciding whether to purchase the Baby Product.

79. Plaintiffs and other Class Members reasonably relied on Beiersdorf's representations and omissions in deciding to purchase the Baby Product. Had Plaintiffs known that the Baby Product was materially identical to the Adult Product, they would not have purchased the Baby Product.

80. Beiersdorf's misrepresentations and omissions were material because reasonable consumers attach importance to whether a product marketed as a "Baby" product is in fact specially formulated for, or otherwise materially different from products marketed for general use. Such representations are especially important to parents and caregivers purchasing products for infants and young children.

81. As a direct and proximate result of Beiersdorf's negligent misrepresentations and omissions, Plaintiffs and Class Members suffered economic injury by paying a price premium for the Baby Product that they otherwise would not have paid.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment

82. Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if fully set forth herein.

83. Plaintiffs and other Class Members conferred upon Beiersdorf an economic benefit, in the form of profits resulting from the purchase and sale of the Baby Product.

84. Beiersdorf's financial benefits resulting from its unlawful and inequitable conduct are economically traceable to Plaintiffs' and other Class Members' purchases of the Baby Product, and the economic benefits conferred on Beiersdorf are a direct and proximate result of its unlawful and inequitable conduct.

85. It would be inequitable, unconscionable, and unjust for Beiersdorf to be permitted to retain these economic benefits because the benefits were procured as a direct and proximate result of its wrongful conduct.

86. As a result, Plaintiffs and other Class Members are entitled to equitable relief including restitution and/or disgorgement of all revenues, earnings, profits, compensation and benefits which may have been obtained by Beiersdorf as a result of such business practices

## PRAYER FOR RELIEF

87. Wherefore, Plaintiffs, individually and on behalf of the proposed Class, pray for judgment as follows:

a. An Order declaring this action to be a proper class action, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' undersigned counsel as Class Counsel;

b. An Order requiring Beiersdorf to bear the cost of Class Notice;

c. An Order compelling Beiersdorf to conduct a corrective advertising campaign;

d. An Order requiring Beiersdorf to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

e. An Order compelling Beiersdorf to destroy all misleading and deceptive advertising materials and product labels, and to recall all offending products;

f. An Order requiring Beiersdorf to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful or unfair business act or practice;

g. An Order requiring Beiersdorf to pay statutory, compensatory, and punitive damages as permitted by law;

h. An Order enjoining Beiersdorf from deceptively labeling the Baby Product;

i. A judgment awarding any and all further equitable, injunctive, and declaratory relief as may be appropriate;

j. Pre- and post-judgment interest, as permitted by law;

k. An award of attorney fees and costs; and

l. Such further relief as the Court deems necessary, just, or proper.

## JURY DEMAND

88. Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: June 29, 2026

/s/ Trevor Flynn

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
KADEN BYRON
*kbyron@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
DANIEL E. SACHS
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiffs***